IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 19-CA-007118

PETER DORAGH and CYNTHIA DORAGH,

    Plaintiffs,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR BREACH OF CONTRACT

**COME NOW** the Plaintiffs, PETER DORAGH and CYNTHIA DORAGH, ("Plaintiffs"), by and through the undersigned counsel, and file this Complaint, Demand for Jury Trial and Complaint for Breach of Contract against the Defendant, USAA CASUALTY INSURANCE COMPANY ("USAA"), and as grounds therefore, state as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy in this action exceeds the sum of Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of pre-judgment interest, court costs and attorney fees.

2. At all times relevant hereto, PETER DORAGH and CYNTHIA DORAGH were and are the owners of the property located in Lee County, located at 12071 Wedge Drive, Fort Myers, Florida 33913.

USAA Confidential
0901119ca6093c38

3. Upon information and belief, at all times relevant hereto, USAA is and was a Florida Corporation doing business in the State of Florida, including Lee County.

4. Upon information and belief, USAA is an authorized insurance carrier by the State of Florida to engage in the business of insurance with Plaintiffs.

5. In consideration of the premium paid to it by PETER DORAGH and CYNTHIA DORAGH, USAA issued to PETER DORAGH and CYNTHIA DORAGH in Lee County, Florida, a Homeowners' Insurance Policy, Policy No. [unknown] ("The Policy"), which was in full force and effect at the time the damage occurred to the insured premises located at 12071 Wedge Drive, Fort Myers, Florida 33913, on or about September 10, 2017.

6. A Hurricane Irma loss and ensuing damages are covered perils under The Policy.

7. PETER DORAGH and CYNTHIA DORAGH timely submitted the insurance claim to USAA.

8. USAA assigned claim number 003091036-066 to this date of loss.

9. Notwithstanding the foregoing, USAA has failed and/or refused to provide coverage under The Policy for the damages to the insured property, and USAA has failed to pay the amounts due and has thereby breached its contract of insurance.

10. USAA failed and refused to adequately adjust Plaintiffs' claimed damages related to the September 10, 2017 date of loss. **See correspondence from USAA dated June 25, 2019, attached hereto as Exhibit "A."**

11. A dispute arose between Plaintiffs and USAA as to the amount of the loss.

0901119ca6093c38

USAA Confidential

12. Plaintiffs provided USAA with all requested documents and information needed for USAA to tender insurance benefits.

13. Plaintiffs provided USAA with access to the insured property and it has inspected all claimed damages.

## COUNT I
## BREACH OF CONTRACT

14. Plaintiffs re-assert and re-allege paragraphs numbered 1 through 13 as if fully set forth herein.

15. This is an action for damages for breach of The Policy that was in effect at the time of the loss.

16. In response to Plaintiffs' submission of its insurance claim, USAA sent and assigned multiple insurance adjusters and representatives, to act as its representatives in inspecting, evaluating and estimating the damages.

17. Hurricane loss and ensuing damages substantially damaged the insured property, which has adversely affected it causing it substantial hardship.

18. USAA has failed and refused to tender all owed insurance benefits due and owing Plaintiffs with regard to the claim arising out of the September 10, 2017, occurrence. This was a breach of The Policy.

19. Plaintiffs have suffered a substantial loss regarding the insured property and continues to suffer the loss.

20. Plaintiffs have repeatedly requested that USAA pay its damages; USAA has failed and refused, and continues to refuse to pay the full damages despite knowing it is required to do so. This was a breach of The Policy.

0901119ca6093c38

USAA Confidential

21. Plaintiffs have done and performed all those matters and things properly required of them under The Policy, or alternatively, have been excused from performance as a result of the acts, representations, omissions, and conduct of USAA. Plaintiffs have complied with all conditions precedent to the filing of this action.

22. Notwithstanding the foregoing, USAA has failed and refused to provide full coverage under The Policy for the damages to Plaintiffs' insured property and USAA has failed to promptly pay all the amounts due and has thereby breached its contract of insurance.

23. As a direct result of USAA CASUALTY INSURANCE COMPANY's breach of its insurance contract, Plaintiffs were required to become obligated for attorney fees and costs in connection with the prosecution of this action, and Florida Statute §627.428 provides for the payment of attorney fees and costs under these circumstances.

**WHEREFORE,** the Plaintiffs, PETER DORAGH and CYNTHIA DORAGH, request this Court enter an award against Defendant, USAA CASUALTY INSURANCE COMPANY, of compensatory damages, pre-judgment interest, costs of this action, attorney fees; and such other and further relief as this Court may deem just and proper.

Further, Plaintiffs request a trial by jury on all issues so triable.

Dated: October 24, 2019

                         Respectfully submitted,

                         /s/ Shaun J. Marker, Esquire
                         **SHAUN J. MARKER, ESQUIRE**
                         Florida Bar No. 0017378
                         MERLIN LAW GROUP, P.A.
                         222 Lakeview Avenue, Suite 1250
                         West Palm Beach, FL 33401
                         561-855-2120 / 561-249-1283 fax
                         smarker@merlinlawgroup.com
                         dmyskowski@merlinlawgroup.com
                         Attorneys for Plaintiffs

0901119ca6093c38

USAA Confidential